UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL O. CRAIG, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-02304-JRS-MJD |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Michael O. Craig for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCN 17-04-0031. For the reasons explained in this Entry, Mr. Craig's habeas petition must be **denied.**

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On April 3, 2017, Investigator M. Johnson wrote a Report of Conduct that charged Mr. Craig with violating I.C. § 35-42-4-1 Dkt. 10-1. The Report of Conduct states:

> On October 8, 2016 Offender Ramsey, Alan . . . reported that at approximately 3:30 pm Offender Craig, Michael . . . forced anal sex on him. An investigation was initiated, during the course of the investigation DNA collected by a SANE [Sexual Assault Nurse Examiner] nurse matched Offender Craig's DNA. The DNA was collected during an anal swab of Ramsey.
>
> Based on the information and evidence collected, Offender Craig is in clear violation of ADP code 100 violation of law (IC 35-42-4-1 Rape).

*Id*.

The Report of Investigation added that "Craig told Ramsey if he did not have sexual acts with him he would bash his head in with a break [sic] shoe. . . . A sexual assault kit was collected . . . A positive DNA match to Offender Craig was found during testing by the ISP lab." Dkt. 10-2.

Confidential Exhibits 1 through 4 are documents from Internal Affairs Investigation Case Number 16-CIC-0038. Confidential Exhibit 1 is the Report of Investigation completed on April 3, 2017. Dkt. 12. The report describes Mr. Ramsey reporting the incident to a Meritor[1] employee and the events leading to Mr. Ramsey being transported to St. Vincent's Hospital in Anderson for evaluation. *Id*. The report also describes interviews conducted with Mr. Ramsey, the Meritor employee, and Mr. Craig. *Id*. Finally, the report discusses lab testing by the Indiana State Police that determined DNA from an anal swab taken from Mr. Ramsey contained DNA from Mr. Craig. *Id*.

Confidential Exhibit 2 includes the Internal Investigations Prison Rape Elimination Act Check-off List and internal communications among facility personnel. Dkt. 13. Confidential Exhibit 3 consists of hand-written notes from the interviews conducted and Confidential Exhibit 4

---

[1] Meritor operates a brake refurbishing factory at the Correctional Industrial Facility.

contains documents from the lab testing. Dkt. 14; dkt. 15. An ISP Certificate of Analysis dated February 2, 2017, reported that blood testing and anal, scrotum, and penis swabs from Mr. Ramsey showed DNA from two individuals. Dkt. 15. One individual was identified as Mr. Ramsey. *Id*. Buccal swabs were later obtained from Mr. Craig and a March 8, 2017, analysis showed that he was the other individual whose DNA was present in the samples taken from Mr. Ramsey. *Id*.

Mr. Craig was notified of the charge on April 13, 2017, when he was served with the Report of Conduct and Notice of Disciplinary Hearing (Screening Report). Dkt. 10-1; dkt. 10-3. The Screening Report noted that Mr. Craig did not wish to call any witnesses, but asked "for all evidence." Dkt. 10-3.

The Hearing Officer conducted a disciplinary hearing on May 19, 2017. Dkt. 10-4. During the hearing Mr. Craig commented, "It didn't happen. Nothing else to say." *Id*. The hearing officer found Mr. Craig guilty based on the staff reports, Mr. Craig's statement, and the confidential case file. *Id*. The sanctions imposed included deprivation of 365 days of earned credit time. *Id*.

Mr. Craig filed appeals to the Facility Head and the Final Review Authority. Dkt. 10-5. Both appeals were denied. Dkt. 10-6; dkt. 10-7. Mr. Craig then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

Mr. Craig's petition for habeas corpus challenges his prison disciplinary conviction on three grounds: (1) no information, documentation, or summary of the results of the DNA evidence was presented; (2) no video or audio evidence was presented; and (3) he was not given the opportunity to confront or question the evidence and witness statements. Dkt. 1 at 2.

    1.    <u>Procedural Default</u>

The respondent argues that Mr. Craig failed to exhaust all the grounds in his petition because he did not raise them in his appeals to the Facility Head and Final Review Authority. Dkt. 10 at 6.

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1)(A). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on that claim. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019). "To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the Facility Head and to the Final Reviewing Authority." *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of the IDOC's administrative appeals process)).

A court may excuse procedural default if the petitioner "can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin*, 749 F. App'x at 464; *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Craig's own petition reflects that he failed to exhaust his available administrative remedies on Ground Three, denial of evidence and witness statements. Dkt. 1 at 3. Mr. Craig has not demonstrated the cause for default or prejudice from default or that a failure to consider his claim would constitute a miscarriage of justice. Accordingly, habeas relief is not available to Mr. Craig on Ground 3 of his petition.

Even if the requested evidence had been provided to Mr. Craig, his habeas claim would be denied on the merits. With respect to both a summary of the DNA results and any available video and audio evidence, Mr. Craig has not shown that they would be exculpatory.

2. Sufficiency of Evidence

Liberally construing Grounds One and Two of Mr. Craig's petition and his appeal to the Facility Head and Final Review Authority, the Court finds that Mr. Craig is making the claim that the hearing officer's decision was made upon insufficient evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Craig asserts that there is insufficient evidence to prove he was guilty of A-100, violation of law. The version of Code A-100 in effect at the relevant time prohibited "[v]iolation of any federal, state or local criminal law…." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, at 3 (June 1, 2015). Mr. Craig was charged with violating Ind. Code 35-42-4-1 which states, "a person who knowingly or intentionally has sexual intercourse with another person . . . when the other person is compelled by force or imminent threat of force . . . commits rape." Here, the hearing officer considered the staff reports, the statement of Mr. Craig,

5

and the confidential case file. The evidence relied upon by the hearing officer constitutes at least "some evidence" to support the hearing officer's decision. Mr. Craig is not entitled to relief on this basis.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Craig to the relief he seeks. Accordingly, Mr. Craig's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Entry shall now issue. The **Clerk shall update the docket** to reflect Mr. Craig's current address at the Miami Correctional Facility.

**IT IS SO ORDERED.**

Date:    5/17/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL O. CRAIG
950696
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
Frances.barrow@atg.in.gov